**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 04cr313-02 |
| | ) | |
| | ) | |
| GREGORY ARMSTRONG | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

June 29, 2006

Presently pending before the Court is the MOTION FOR NEW TRIAL filed by

Defendant, Gregory Armstrong, and the government's response in opposition.  After due

consideration of the filings of the parties, the arguments of counsel, the Rules of Federal

Criminal Procedure, and the applicable case law, the Motion for New Trial will be granted in

part.

**FACTS AND PROCEDURAL BACKGROUND**

Defendant, Gregory Armstrong ("Armstrong"), and his co-defendant, James Jones,

were indicted by  a Grand Jury on December 14, 2004, and each charged with one count of

conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of

cocaine from on or about December 3, 2004 to December 6, 2004, in violation of Title 21,

United States Code, section 846; and one count of attempt to possess with intent to distribute

five (5) kilograms or more of cocaine on or about December 6, 2004, in violation of Title 21,

United States Code, section 846. Co-Defendant James Jones was also charged in a separate

count with possession with intent to distribute less than 500 grams of cocaine on or about

December 6, 2004, in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(C).

On August 12, 2005, James Jones pleaded guilty to Count Two of the Indictment which charged him with attempt to possess with intent to distribute five (5) kilograms or more of cocaine on or about December 6, 2004, in violation of Title 21, United States Code, section 846.

On October 13 and 14, 2005, the Court held a non-jury trial on the pending charges against Armstrong.  On February 8, 2006, the Court issued an extensive Memorandum Opinion and Order of Court in which, after reflecting upon all the evidence and testimony presented at the non-jury trial, the Court found and ruled that Armstrong was guilty as charged in the indictment of one count of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, section 846; and one count of attempt to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, section 846.[1]

On February 14, 2006, in open Court, with Armstrong present with counsel, the Court read the guilty verdict into the record. On that same date, Armstrong filed, and the Court granted, an extension of time until March 15, 2006, for Armstrong to file a Motion for New Trial.

---

[1]     A complete narrative of the evidence and testimony presented at the non-jury trial is contained in the Memorandum Opinion and Order of Court filed on February 8, 2006.

2

On March 15, 2006, Armstrong filed the instant Motion For A New Trial pursuant to Federal Rule of Criminal Procedure 33, in which he requests, *inter alia,* that the Court vacate the judgment of February 14, 2006, and "take additional testimony on the issue of the defendant's assertion that he was arrested without probable cause and his cell phone, money and documents were seized in violation of his rights as guaranteed by the Fourth Amendment to the United States Constitution."  Mot. at 1.  Distilled to its essence, Armstrong, through his attorney, argues that his attorney "failed to raise an obvious Fourth Amendment issue which is a violation of the defendant's Sixth Amendment right to effective assistance of counsel."  *Id.* at ¶ 3.  Additionally, Armstrong contends that because this case was tried without a jury, Federal Rule of Criminal Procedure 33 allows the Court to "take additional testimony and decide the Fourth Amendment issue and if decided in the defendant's favor re-evaluate the trial evidence and enter a new judgment."  *Id.* at ¶ 4.

The government strongly opposes the Motion and argues that the motion is "both procedurally defective and . . . the interests of justice would not be served by granting this Motion."  Govt's Resp. at 1.  The government argues that the Court should not grant a new trial for a number of reasons, *to wit:*

> (i) that although the motion is termed a "Motion for a New Trial," it is in substance a motion to suppress, and such a motion is waived because Armstrong failed to file same before trial under Rule 12;
>
> (ii) that Armstrong has not made the requisite showing required for the granting of a new trial in the "interests of justice;"

(iii) that this Court should be "extremely reluctant" to reopen the record; and

(iv) that the potential prejudice to the government if suppression is addressed at this

late date is significant.

Govt's Resp. at 5-6.

On April 20, 2006, the Court heard oral argument on the Motion for New Trial.  Both

parties were represented by counsel who argued the issues skillfully and effectively.  The matter

is now ripe for disposition.

**DISCUSSION**

A.       Federal Rule of Criminal Procedure 33 ("Rule 33")

Rule 33 provides that  "[u]pon the defendant's motion, the court may vacate any

judgment and grant a new trial if the interest of justice so requires.  If the case was tried without

a jury, the court may take additional testimony and enter a new judgment."  Fed. R. Crim. P.

33(a).  A Rule 33 motion can be made on the grounds of newly discovered evidence or for any

reason other than newly discovered evidence.  Fed. R. Crim. P. 33(b).[2]

---

[2]       Federal Rule of Criminal Procedure 33(b) provides as follows:
**(b)  Time to File.**
   **(1)  Newly Discovered Evidence.**  Any motion for a new trial grounded on
newly discovered evidence must be filed within 3 years after the verdict or finding
of guilty.  If an appeal is pending, the court may not grant a motion for a new trial
until the appellate court remands the case.

   **(2)  Other Grounds.**  Any motion for a new trial grounded on any reason
other than newly discovered evidence must be filed within 7 days after the verdict
or finding of guilty.

Armstrong argues that the issue of the probable cause of Armstrong's arrest has never been addressed and that  the "flexibility" of Rule 33 allows the Court to reopen the record and examine this issue.  Armstrong proposes that if the Court finds "probable cause," the guilty verdict will stand.  However, should the Court find that there was no probable cause surrounding Armstrong's arrest, the Court could then either (i) grant a new trial or (ii) enter a new judgment of acquittal.

Further, Armstrong strongly argues that in the "interest of justice" this Court should remedy the mistake of counsel at this juncture.  If the record is not reopened, Armstrong will raise this exact issue either on direct appeal or in a § 2255 motion, and it would be better to address the issue now, when the matter is fresh in the minds of the witnesses, the attorneys, and the Court.

A high standard is utilized in the determination of whether a new trial should be ordered "in the interest of justice" under Rule 33(a).  Fed. R. Crim. P. 33(a).  The Court of Appeals for the Third Circuit has instructed that a new trial should be granted only if "there is a serious danger that a miscarriage of justice has occurred - that is an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). *See also United States v. Tarango*, 396 F.3d 666, 671 (5th Cir. 2005) ("This power should be exercised infrequently by district courts, unless warranted by 'exceptional circumstances'."); *United States v. Wall*, 389 F.3d 457, 465 (5th Cir. 2004) ("A new trial is granted only upon determination of adverse effects upon substantial rights of the defendant.").

The decision to reopen a case for additional proof is addressed to the sound discretion of the trial judge. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 331 (1971).  Our appellate court has instructed that  "courts should be extremely reluctant to grant reopenings.  When faced with a motion to reopen, the district court's primary focus should be on whether the party opposing reopening would be prejudiced if reopening were permitted." *United States v. Kithcart*, 218 F.3d 213, 219-20 (3d Cir. 2000).

As stated *supra*, Armstrong contends that "his counsel failed to raise a Fourth Amendment issue which is a violation of the defendant's Sixth Amendment right to effective assistance of counsel. . . . While the acknowledgment of this error by counsel is indeed embarrassing, counsel's embarrassment is by no means as important as the Constitutional rights of Mr. Armstrong."  Mot. at ¶¶  3, 5.  Armstrong argues "that his arrest and the subsequent seizure of his cell phone, wallet, credit cards, money and documents from his truck were unlawful and a violation of his Fourth Amendment rights and should not be used against him as evidence in a criminal trial." *Id*. at ¶ 16.

The first issue that this Court must address then is whether an "ineffective assistance of counsel claim" can be brought under Rule 33.  Most appellate courts that have addressed the issue agree that an ineffective counsel claim cannot be brought under the "newly discovered evidence" provision of Rule 33(b)(1), but the cases seem to leave the door open for the claim to be pursued under the "other grounds" provision of Rule 33(b)(2). *See United States v. Lema*, 909 F.2d 561, 566 (1st Cir. 1990); *United States v. Dukes*, 727 F.2d 34, 39-40 (2nd Cir. 1984); *United States v. Smith* 62 F.3d 641, 648 (4th Cir. 1995); *United States v. Ugalde*, 861 F.2d 802,

6

806 (5th Cir. 1988); *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991); *United States v. Laird*, 948 F.2d 444, 446 (8th Cir. 1991); *United States v. Lara-Hernandez*, 588 F.2d 272, 275 (9th Cir. 1978); *United States v. Miller*, 869 F.2d 1418, 1421-22 (10th Cir. 1989); and *United States v. Torres*, 115 F.3d 1033, 1035-36 (D.C. Cir. 1997). The Court of Appeals for the Seventh Circuit acknowledged the difficulty that defendants encounter when trying to meet the seven-day deadline for the filing of a new trial motion for ineffective counsel under Rule 33(b)(2), but also acknowledged that such a motion was possible. *United States v. Ellison,* 557 F.2d 128, 133 (7th Cir. 1977). *See also United States v. Falcon*, No. CR 04-0191, 2006 WL 219542, *3 (E.D. Wash. Jan. 27, 2006) (in which the district court stated that if a defendant brings a Rule 33 motion for a new trial based on ineffective assistance of counsel, the motion must be brought within the seven (7) day time limit of Rule 33(b)(2) or other time set by the court.)

Importantly for this Court's decision, the Court of Appeals for the Third Circuit has noted that a 28 U.S.C. § 2255 petition better accommodates the interests of ineffective assistance of counsel claims, but the appellate court has not ruled out the use of Rule 33 for the purpose of ineffective assistance of counsel claims and has not addressed Rule 33(b)(2), which is the basis of the instant motion. *United States v. DeRewal,* 10 F.3d 100, 105 (3d Cir. 1993).

It is clear then from a review of case law from the Third Circuit, as well as other circuits, that Rule 33 does not prohibit bringing ineffective assistance of counsel claims in a motion for new trial, as long as the motion conforms to the time limits set forth in the Rule. As stated *supra,* Armstrong timely filed his Motion for New Trial. Accordingly, the next issue the

7

Court must address is whether Armstrong has waived his right to file a motion to suppress at this late date.

B.      Federal Rule of Criminal Procedure Rule 12 ("Rule 12")

Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure instructs that a motion to suppress must be raised before trial.  However, Rule 12(e) provides that  "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. *For good cause, the court may grant relief from the waiver.*" Fed. R. Crim. P. 12(e) (emphasis added).

Armstrong has requested that the Court take additional testimony and decide whether probable cause existed to arrest Armstrong.  Distilled to its essence, Armstrong is asking the Court to hold an evidentiary hearing on a motion to suppress which his attorney failed to file before the trial.   Clearly, Armstrong waived the filing of any motion to suppress by not filing same prior to trial.  However, the Rules of Criminal Procedure do allow a court to grant relief from the waiver "for good cause."  "Good cause" is defined as follows:

> a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.  Legally sufficient ground or reason. Phrase "good cause" depends upon circumstances of individual case, and finding of its existence lies largely in discretion of officer or court to which decision is committed.  It is a relative and highly abstract term, and its meaning must be determined not only by verbal context of statute in which terms is employed but also by context of action and procedures involved in type of case presented.

Black's Law Dictionary 446-47 (6th ed. 1991).

Accordingly, the next determination for this Court is whether "good cause" exists to grant relief from Armstrong's failure to file a timely motion to suppress.

C.        Good Cause and the Interest of Justice

The Court finds and rules that "good cause" exists to permit a suppression hearing despite the Rule 12 waiver and that the "interest of justice" compels that the record in this matter should be reopened for the limited purposes of obtaining additional testimony as it relates to the probable cause, if any, surrounding the arrest of Armstrong.  In making this determination the Court has balanced the constitutional rights of Armstrong against any prejudice to the government.

A review of the trial record evidence reflects that it is not clear as to whether or not the police had probable cause to arrest Armstrong.  Therefore, assuming, *arguendo,* that the police did not have probable cause to arrest Armstrong, then the quantum of evidence derived from his arrest may be determined to be fruits of a poisonous tree and be subject to suppression. *See Beck v. Ohio*, 379 U.S. 89 (1964); *Wong Sun v. United States*, 371 U.S. 471 (1963).

On the other hand, as the government argues, the police, through their "collective knowledge," may have had more than sufficient probable cause to arrest Armstrong; however, the fact remains that the record as it is currently constituted is not sufficiently clear on this issue.

A significant portion of the Memorandum Opinion in which the Court found Armstrong guilty is devoted to documentary evidence that the police may not have had access

9

to or even known existed had Armstrong not been arrested and his wallet and cell phone seized. The troubling consequence of the failure of Armstrong's counsel to file a timely motion to suppress is that the possibility exists that Armstrong was found guilty based on evidence which should have been suppressed.   By reopening the record, the parties will have a full opportunity to develop a record on this issue.

No doubt, the government will bear additional costs due to the presentation of additional testimony; however, the costs associated with the additional testimony are minimal when contrasted with the possibility that Armstrong's constitutional rights may have been violated.

The government has also expressed concern regarding its right to appeal an adverse suppression ruling post-trial.  However, the United States Supreme Court has addressed this issue and has expressly instructed that:

> When a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause.

*United States v. Morrison*, 429 U.S. 1, 3 (1976) (*quoting United States v. Wilson*, 420 U.S. 332 (1975)).[3]

Therefore, it is clear that should the Court grant the suppression motion, the government will be entitled to appeal the order suppressing the evidence, "since success on that

---

[3]     "Since the Double Jeopardy Clause of the Fifth Amendment nowhere distinguishes between bench and jury trials, the principles given expression through that Clause apply to cases tried to a judge . . . ."  *United States v. Jenkins,* 420 U.S. 358 (1975).

appeal would result in the reinstatement of the general finding of guilt, rather than further

factual proceedings relating to guilt or innocence. . . .  [T]here would then remain only the

imposition of sentence and the entry of a judgment of conviction pursuant to Fed. Rule Crim.

Proc. 32." *Morrison,* 429 U.S. at 3.

      Lastly, the government argues that Armstrong should not be allowed to take a

"second bite at the apple" after the trial is over and he has been found guilty.  Our appellate

court has stated that while it is

> [R]eluctant to give a litigant two bites at the proverbial apple, so that he
> may first defend on the merits and later argue that evidence introduced
> without objection by him should nevertheless have been excluded by a
> court unaware of the faulty basis of that evidence.  On the other hand, we
> should find it difficult to support the position that a basic constitutional
> right of defendant can be denied because his counsel failed to object
> before or at the introduction of the colorable evidence.

*United States v. Asendio*, 171 F.2d 122, 125 (3d Cir. 1948).

      For all these reasons, the Court finds that any prejudice the government may suffer as

a result of the record being reopened does not outweigh the prejudice Armstrong would suffer if

the evidence upon which he was convicted should have been suppressed.

      Just like the defendant in *Asendio*, Armstrong has brought this matter to the attention

of the Court, "who was the trier of the facts, before sentence was passed," and now the Court

has the "opportunity to consider and dispose of the issue." *Asendio*, 171 F.2d at 124-25.

      The Court is cognizant of the fact that Armstrong's arrest may have been lawful, or,

assuming *arguendo* that his arrest was unlawful, that the "inevitable discovery doctrine" or the

"independent source doctrine" may have permitted the admission at trial of the evidence now in

question.  However, without opening the record the answers to these questions will not be

resolved.

## CONCLUSION

For all these reasons, the Court will re-open the record and conduct an evidentiary

hearing on Defendant's motion to suppress.

An appropriate Order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA )
                         )
            v.           )      02: 04cr313-02
                         )
GREGORY ARMSTRONG        )

**ORDER OF COURT**

AND NOW, this 29th day of June, 2006, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED** that the Motion for New Trial filed by

Defendant is granted in part as follows:

1.      The Court will reopen the record for the limited purposes of conducting an

evidentiary hearing on the issue of whether there was probable cause to arrest Gregory

Armstrong; and,

2.      The evidentiary hearing on the motion to suppress is scheduled for **July 24,**

**2006 at 9:30 A.M.** in Courtroom #6C, 6th Floor, U.S. Post Office & Courthouse, 700 Grant

Street, Pittsburgh, Pennsylvania 15219.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  Bruce J. Teitelbaum,
    Assistant U.S. Attorney
    Email: bruce.teitelbaum@usdoj.gov

    Gary B. Zimmerman, Esquire
    Email: garybzim@aol.com

    U.S. Probation Office